## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

WILLIAM AUSTIN, III                                           CIVIL ACTION

VERSUS                                                         No. 23-1602

SONTHEIMER OFFSHORE/                                           SECTION I
CATERING CO. ET AL.

### ORDER & REASONS

Before the Court is defendant Sontheimer Offshore/Catering Company's ("Sonoco") motion for summary judgment.[1] Plaintiff William Austin, III ("plaintiff") opposes the motion.[2] For the reasons that follow, the Court grants Sonoco's motion for summary judgment.

### I.        BACKGROUND

This matter concerns injuries that plaintiff sustained while disembarking from the dredging vessel W308 RS WEEKS (the "vessel").[3] Sonoco was the catering company that provided personnel to perform offshore catering services for Weeks Marine Inc. ("Weeks").[4] Plaintiff alleges that, while he was employed by Sonoco and/or Weeks (collectively, "defendants"), he "sustained severe and permanently disabling injuries" during the course of his employment.[5] Plaintiff alleges defendants were negligent "in failing to properly supervise, direct and control the operations being conducted at the time of [plaintiff's] injury, in failing to provide or utilize safe

---

[1] R. Doc. No. 32.
[2] R. Doc. No. 139.
[3] *See generally* R. Doc. Nos. 1, 32.
[4] R. Doc. No. 32-6, at 1.
[5] R. Doc. No. 1, at 2.

and appropriate equipment for the activities being conducted[,] in failing to provide adequate assistance to [plaintiff], in failing to provide safe means of egress from the vessel, in failing to provide adequate warning of known dangers, in failing to provide a safe place in which [plaintiff]  was required to work, and in any such other acts of negligence as may be proven at the trial of the case."[6] Plaintiff asserts that, pursuant to the Jones Act, Sonoco and Weeks had a duty to provide plaintiff "with a safe place in which to work, with a competent and adequate crew, with safe gear, safe appurtenances and equipment, and a seaworthy vessel."[7] Plaintiff alleges that Sonoco's and Weeks' alleged failures to satisfy their duties, along with the unseaworthiness of the vessel, were the proximate causes of his injuries.[8]

In its motion for summary judgment, Sonoco argues that it was not involved in the disembarking process, it had no ownership interests in the vessel, and plaintiff's testimony confirms that Sonoco is not liable.[9] With respect to plaintiff's testimony, Sonoco argues that plaintiff testified that he had successfully disembarked multiple times previously, that no other Sonoco employee disembarked on the date of the accident, and that his supervisor was not present at the accident and had not been informed about his method of disembarking at the time of the accident.[10]

In response, plaintiff argues that it was the duty of the subcontractors, including Sonoco, to provide site-specific safety training, which plaintiff alleges that

---

[6] *Id.*  at 2–3.
[7] *Id.* at 3.
[8] *Id.*
[9] R. Doc. No. 32-1, at 2–4.
[10] *Id.* at 3.

Sonoco failed to do.[11] Plaintiff contends that Sonoco was negligent in failing to provide training on the proper method of disembarkation.[12]Additionally, plaintiff asserts that summary judgment is rarely granted in Jones Act negligence cases and that plaintiff has sufficiently demonstrated a genuine dispute of material fact exists.[13]

In reply, Sonoco notes that plaintiff does not dispute that, because Sonoco does not own the vessel, plaintiff's claim for unseaworthiness should be granted.[14] Sonoco argues that summary judgment as to plaintiff's Jones Act claim should also be granted because plaintiff failed to demonstrate that Sonoco had actual or constructive notice of an unsafe condition and an opportunity to correct that condition.[15]

## II.    STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v.*

---

[11] R. Doc. No. 42, at 3–5.
[12] *Id.* at 5.
[13] *Id.* at 6–7.
[14] R. Doc. No. 48, at 1.
[15] *Id.* at 1.

*Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III.   ANALYSIS

As noted by Sonoco, plaintiff's complaint does not allege that Sonoco failed to properly train plaintiff with respect to safety procedures.[16] Rather, plaintiff's complaint alleges that Sonoco is liable pursuant to the Jones Act for failing to provide plaintiff with "a safe method of egress."[17] "In the Fifth Circuit, the law is clear that the Jones Act employer must have notice and the opportunity to correct an unsafe condition on a third party's vessel before liability attaches." *Gant v. Southland Energy Servs., LLC*, No. CIV.A. 12-840, 2013 WL 2921418, at *2 (E.D. La. June 12, 2013) (Africk, J.) (quoting *Johnson v. Blue Marlin Servs. of Acadiana, LLC*, 713 F.Supp.2d 592, 593 (E.D. La. 2010) (Zainey, J.)) (internal quotations omitted). "If, by a reasonable inspection the employer could have discovered the unsafe condition, then the employer will be charged with notice of that condition." *Id.* Because plaintiff has not alleged that Sonoco had actual or constructive notice of the alleged unsafe disembarkation conditions and an opportunity to correct those conditions, there is no genuine dispute of material fact. Sonoco is entitled to summary judgment on the Jones Act claim.

---

[16] In his response, plaintiff argues that Sonoco, as a subcontractor, failed to comply with the terms of Weeks' accident prevention plan. R. Doc. No. 42, at 3. The Court notes that the accident prevention plan was apparently drafted by Weeks, and Sonoco was not a party to it. Therefore, even if alleged in the complaint, plaintiff has not demonstrated that Sonoco was obligated pursuant to the accident prevention plan. To the extent Weeks did not require subcontractors to abide by its plan, plaintiff could argue that Weeks failed to comply with its duty.

[17] R. Doc. No. 1, at 3.

With respect to plaintiff's claim for unseaworthiness, "[t]he duty to provide a seaworthy vessel is a nondelegable, 'incident of vessel ownership.'" *Woods v. Seadrill Americas, Inc.*, No. CV 16-15405, 2017 WL 4269553, at *2 (E.D. La. Sept. 26, 2017) (Fallon, J.) (quoting *Baker v. Raymond Int'l*, 656 F.2d 173, 181-82 (5th Cir. 1981)). "The idea of seaworthiness and the doctrine of implied warranty of seaworthiness arises out of the vessel, and the critical consideration in applying the doctrine is that the person sought to be held legally liable must be in the relationship of an owner or operator of a vessel." *Id.* (quoting *Daniel v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)). As noted by Sonoco, Sonoco was not the owner or operator of the vessel.[18] In his opposition to Sonoco's motion for summary judgment, plaintiff does not dispute that Sonoco did not own or operate the vessel. Therefore, no genuine dispute of material fact remains with respect to plaintiff's claims of unseaworthiness.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Sonoco's motion for summary judgment is **GRANTED.** Plaintiff's claims against Sonoco are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 16, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. No. 32-1, at 13.

6