## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WILLIAM AUSTIN, III**                                          CIVIL ACTION

**VERSUS**                                                          No. 23-1602

**SONTHEIMER OFFSHORE/**                                    SECTION I
**CATERING CO. ET AL.**

### ORDER AND REASONS

Before the Court are defendant Weeks Marine Inc.'s ("Weeks") motions to exclude the testimony of Robert E. Borison ("Borison") and strike Borison's supplemental report.[1] Plaintiff William Austin, III ("plaintiff") filed a combined opposition to the motions.[2] Weeks filed a reply.[3] For the reasons that follow, the Court denies both motions.

## I.  BACKGROUND

This matter concerns injuries that plaintiff sustained while disembarking from the dredging vessel W308 RS WEEKS (the "vessel").[4] Plaintiff alleges that, during the course of his employment with Sontheimer Offshore/Catering Co. ("Sonoco") and Weeks (collectively, "defendants"), he "sustained severe and permanently disabling injuries."[5] Plaintiff alleges that defendants were negligent "in failing to properly supervise, direct and control the operations being conducted at the time of [plaintiff's] injury, in failing to provide or utilize safe and appropriate equipment for the activities

---

[1] R. Doc. Nos. 34, 38.
[2] R. Doc. No. 45.
[3] R. Doc. No. 49.
[4] *See generally* R. Doc. Nos. 1, 32.
[5] R. Doc. No. 1, at 2. The Court granted summary judgment for Sonoco and dismissed the claims against Sonoco. R. Doc. No. 50. Accordingly, only plaintiff's claims against Weeks remain.

being conducted[,] in failing to provide adequate assistance to [plaintiff], in failing to provide safe means of egress from the vessel, in failing to provide adequate warning of known dangers, in failing to provide a safe place in which [plaintiff] was required to work, and in any such other acts of negligence as may be proven at the trial of the case."[6] Plaintiff asserts that, pursuant to the Jones Act, Weeks had a duty to provide plaintiff "with a safe place in which to work, with a competent and adequate crew, with safe gear, safe appurtenances and equipment, and a seaworthy vessel."[7] Plaintiff argues that Weeks's alleged failures to satisfy its duties, along with the unseaworthiness of the vessel, were the proximate causes of his injuries.[8]

On December 19, 2023, Weeks filed a motion to exclude testimony by plaintiff's maritime safety expert, Borison.[9] Weeks argues that the testimony is unhelpful, conclusory, and it usurps the role of the factfinder.[10] On December 26, 2023, plaintiff provided Weeks with a supplemental report from Borison.[11] Weeks then filed a motion to exclude Borison's supplemental report, contending that Borison prepared the supplemental report because plaintiff recognized that Borison's initial report contained opinions which did not satisfy the requirements of Federal Rule of Evidence 702.[12] Weeks argues that the information in the supplemental report was available to Borison at the time of the original report and it would be impermissible to use the

---

[6] *Id.* at 2–3.
[7] *Id.* at 3.
[8] *Id.*
[9] R. Doc. No. 34.
[10] *See generally* R. Doc. No. 34-1.
[11] R. Doc. No. 38, at 1.
[12] R. Doc. No. 38-1.

information in the supplemental report to defeat Weeks's *Daubert* motion.[13] Weeks also argues that this report should be excluded because it violates the Court's scheduling order.[14]

In response, plaintiff argues that Borison is qualified to testify and will provide helpful and non-conclusory testimony about safety policies.[15] Plaintiff also argues that Borison's supplemental report should not be excluded because, although it was untimely, the untimeliness was based on the defendants' delay in producing the vessel's captain for a deposition and was based on plaintiff's difficulty in locating certain photographs.[16] Plaintiff also states that none of the "new" information in the supplemental report was unknown to Weeks and therefore there is no prejudice to Weeks.[17]

On December 27, 2023, Weeks sought an extension of its expert report deadline until January 8, 2024 to provide Weeks with time to supplement its expert report if a supplement was deemed necessary after reviewing Borison's supplemental report.[18] Plaintiff did not oppose this extension request.[19] This Court granted Weeks's motion for an extension.[20]

---

[13] *Id.* at 4.
[14] *Id.* at 8.
[15] *See generally* R. Doc. No. 45.
[16] *Id.* at 4.
[17] *Id.*
[18] R. Doc. No. 40.
[19] *Id.* at 1.
[20] R. Doc. No. 41.

## II. LAW

### a. Motion to Exclude

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"To qualify as an expert, the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth." *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quotations omitted).

The U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). The *Daubert* framework requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 584 (5th Cir. 2004).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the

existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson*, 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). "Both the determination of reliability itself and the factors taken into account are left to the discretion of the district court consistent with its gatekeeping function under [Rule] 702." *Munoz v. Orr*, 200 F.3d 291, 301 (5th Cir. 2000).

As a general rule, "[q]uestions relating to the bases and sources of an expert's opinions affecting the weight to be assigned that opinion rather than its admissibility should be left for the jury's consideration." *Smith v. Starr Indem. & Liab. Co.*, 807 F. App'x 299, 302 (5th Cir. 2020) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. 579, 596 (1993).

With respect to determining the relevance of an expert's testimony pursuant to Rule 702 and *Daubert*, the proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). When ruling on the admissibility of expert opinion evidence, "[t]he district court

should, initially, approach its inquiry with the proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *Viterbo*, 826 F.2d at 422.

"[W]hen expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony." *Kennedy v. Magnolia Marine Transp. Co.*, 189 F. Supp. 3d 610, 615 (E.D. La. 2016) (Africk, J.) (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir.1998)).

### b. Motion to Strike

Federal Rule of Civil Procedure 26(e)(2) provides that, with respect to expert reports, "[a]ny additions or changes to [the expert's report or to information provided during the expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." The parties' disclosure deadlines are set forth in a scheduling order. That order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

When determining whether to exclude evidence supplied in violation of a court's scheduling order, the court should consider: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E & P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010) (quoting *Texas A & M Rsch. Found. v. Magna Transp.*, 338 F.3d 394, 402 (5th Cir. 2003)). "Such a determination is within the Court's wide discretion."

*Williams v. Am. Strategic Ins. Corp.*, No. 13-5411, 2014 WL 1246846, at *2 (E.D. La. Mar. 25, 2014) (Africk, J.).

## III.  ANALYSIS

### a.  Motion to Exclude

Weeks challenges the relevance of Borison's proposed testimony pursuant to Rule 702, arguing that his opinions involve common sense matters which are not based on his expertise, his opinions invade the province of the factfinder, and his opinions include impermissible conclusions of law.

First, Weeks argues that Borison's testimony is unnecessary and unhelpful because it involves common-sense matters which do not require expert testimony and invade the province of the factfinder.[21] In response, plaintiff argues that Borison has testified about maritime safety in over eighty-five cases and will educate the jury on rules, regulations, and acceptable practices applicable to the case.[22]

As the U.S. Fifth Circuit Court of Appeals has explained, expert testimony should be excluded when, "the jury could adeptly assess th[e] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir.1990). A court's "principal inquiry is whether the expert testimony at issue contains conclusions based on common sense, or rather, explication of technical issues which will assist in the jury's appreciation of the operative facts at issue in this case." *Oatis v. Diamond Offshore Mgt. Co.*, No. 09-3267, 2010 WL 936449, at *2 (E.D. La. Mar. 12, 2010) (Engelhardt, J.).

---

[21] R. Doc. No. 34-1, at 6.
[22] R. Doc. No. 45.

Weeks relies on a case where another section of this Court held that Borison could not testify because "no expertise of any kind was required or used to render [his] opinion, and [his] opinion would not assist the jury to resolve any issue in [the] case." *See Thomas v. Glob. Explorer, LLC*, No. 02-1060, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003) (Vance, J.). However, in the present case, Borison's opinion, as stated in his report, is that Weeks violated health and safety requirements by failing to provide "safe means of access."[23] His opinion explains that a ladder should have been provided as a safe means of disembarking the vessel.[24] What is considered "safe means of access" pursuant to maritime safety standards and the maritime industry is not a common sense issue with which the Court is readily familiar. *See McDowell v. Atl. Sounding Co.*, No. 11-1879, 2012 WL 1656262, at *2 (E.D. La. May 10, 2012) (Morgan. J.). Borison's specialized knowledge and experience in the area of marine safety will help shed light on this issue. *See id.*

Next, Weeks argues that Borison's report is based on incomplete analysis because he fails to address whether the captain of the water taxi should have provided a deckhand to assist plaintiff during the transfer and he does not analyze whether the tug closest to the vessel's bow ladders could be feasibly and safely repositioned.[25] This argument challenges the basis and source of Borison's opinion which is properly addressed through cross-examination instead of through exclusion. *See Daubert*, 509 U.S. 579, 596 (1993).

---

[23] R. Doc. No. 38-2, at 8.
[24] *Id.*
[25] R. Doc. No. 34-1, at 10.

Weeks also argues that Borison's opinions usurp the factfinder's ability to make its own conclusions because his report offers legal conclusions instead of factual analysis.[26] Rule 704(a) provides: "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." "However, Fifth Circuit case law is clear that Rule 704(a) 'does not allow a witness to give legal conclusions.'" *Shawler v. Ergon Asphalt & Emulsions, Inc.,* No. 15-2599, 2016 WL 1019121, at *10 (E.D. La. Mar. 15, 2016), *aff'd sub nom. Shawler v. Big Valley, L.L.C.,* 728 F. App'x 391 (5th Cir. 2018) (quoting *U.S. v. Williams,* 343 F.3d 423, 435 (5th Cir. 2003)).

Weeks argues that Borison's statements that supervisors "failed to install, or request to install, a gangway" and that the captains should have offered certain instructions are improper conclusions.[27] However, these statements are not *legal* conclusions that Weeks' conduct constituted negligence. *See e.g.*, *Singleton v. Fieldwood Energy*, *LLC*, No. 15-5558, 2016 WL 3940279, at *3 (E.D. La. July 21, 2016) (Africk, J.) (denying a motion to exclude Borison's testimony because Borison did not offer opinions with respect to unseaworthiness, negligence, or causation); *cf. In re Midland Enters., Inc.*, No. 00-3750, 2002 WL 31780156 (E.D. La. Dec. 11, 2002) (Africk, J.) (excluding an expert's proposed testimony that a violation of a regulation constituted unseaworthiness and negligence).

As in *Singleton*, "[t]he Court is not persuaded at this time that Borison has crossed the line by offering *legal* conclusions." *See Singleton*, 2016 WL 3940279, at *3

---

[26] *Id.*
[27] R. Doc. No. 34-1, at 12.

(emphasis in original). "Rather, Borison offers expert opinion testimony that may assist the jury in deciding the ultimate legal question, i.e., legal fault." *See id.* "Depending on how the actual questions and answers are framed, such testimony . . . might or might not be objectionable—a circumstance this Court cannot predict in a vacuum." *See id.* (quoting *Shell Offshore, Inc. v. Tesla Offshore, L.L.C.*, No. 13-6278, 2015 WL 5714622, at *5 (E.D. La. Sept. 28, 2015) (Africk, J.)). "Accordingly, the Court will be in a better position at trial to assess whether Borison in fact reaches legal conclusions which are properly the province of the jury, or whether he instead offers admissible opinions 'calculated to suggest to the jury a particular legal conclusion.'" *See id.* (quoting *Shell Offshore, Inc.,* 2015 WL 5714622, at *5).

### b. Motion to Strike

As mentioned previously, Weeks also moves to strike Borison's supplemental report. Specifically. Weeks argues that the supplemental report must be stricken based on "procedural violations, untimeliness, and the unnecessary nature of the additional opinions."[28]

First, Weeks argues that it is procedurally impermissible for plaintiff to seek to remedy the issues highlighted in Weeks's *Daubert* motion using a supplemental report.[29] Because the Court has already addressed Weeks's motion to exclude and found Borison's original conclusions to be admissible, the Court need not consider this argument as the supplemental report does not remedy the alleged defects in the original report.

---

[28] R. Doc. No. 38.
[29] R. Doc. No. 38-1, at 3.

Next, Weeks argues that the supplemental report offers new opinions based on evidence previously available to Borison.[30] Weeks claims that this is an impermissible "second bite at the apple in an attempt to offer opinions that can pass muster under Federal Rule of Evidence 702."[31] Weeks also states that Borison's supplemental report violates the case management order and therefore "must be excluded."[32] In response, plaintiff argues that the supplemental report was late because of defense counsel's delay in producing Captain Isaac Martinez ("Captain Martinez") for a deposition and because of plaintiff's difficulty in locating the photographs that he took of the scene.[33] Plaintiff also argues that there is no prejudice or unfair surprise to Weeks with respect to the information included in the supplemental report.[34]

Contrary to Weeks's contention that exclusion is mandatory, determining whether to exclude or admit evidence produced in violation of this Court's scheduling order is within the Court's wide discretion. *Williams*, 2014 WL 1246846, at *2. As mentioned, in exercising that discretion, the Court considers: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey*, 609 F.3d at 729 (quoting *Texas A & M Research Found.*, 338 F.3d at 402).

---

[30] *Id.* at 6.
[31] *Id.* at 7.
[32] R. Doc. No. 49, at 1; R. Doc. No. 38-1, at 8.
[33] R. Doc. No. 45, at 4.
[34] *Id.* at 3.

With respect to the first factor, plaintiff explained that the supplemental report includes photographs of the scene taken by plaintiff and information gained during Captain Martinez's depositions regarding responsibility for methods of transferring personnel on and off the dredge.[35] Plaintiff states that Borison's testimony "will be of great assistance" in explaining safety statutes, industry guidelines, and Weeks's safety rules to the jury.[36] However, plaintiff does not specifically explain how the information contained in the supplemental report is important to his case. Therefore, this factor does not weigh in either direction.

As to the second and third factors, while Weeks argues that supplementation of the report would cause it prejudice, Weeks highlights no specific prejudice that would be caused by the supplement beyond the fact that its expert report was due one day after it received the supplemental report.[37] However, Weeks subsequently sought a ten-day extension of time to produce a supplemental expert report if it found a supplement to be necessary after reviewing Borison's supplemental report,[38] and the Court granted the extension.[39] Therefore, any prejudice identified by Weeks has been remedied through an extension and no additional continuance was requested or appears to be appropriate.

As to the fourth factor, plaintiff explained that the failure to timely disclose was caused by the delayed deposition of Captain Martinez and plaintiff's difficulty in

---

[35] *Id.* at 4.
[36] *Id.* at 8.
[37] R. Doc. No. 38-1, at 8.
[38] R. Doc. No. 40.
[39] R. Doc. No. 41.

locating photographs of the scene of the accident.[40] While plaintiff did not take Captain Martinez's deposition until after the original report, plaintiff was in possession of the photographs of the accident the entire time.[41] Plaintiff explains that the photographs were found on an old mobile phone that plaintiff had difficulty locating.[42] Because some of the information was available to plaintiff at the time of the initial report and some was not, this factor does not weigh strongly in either direction.

After considering the four factors outlined above, the Court finds exclusion of the supplemental report inappropriate because of the limited prejudice to Weeks and the ability to remedy any prejudice by permitting Weeks to file its own supplemental report.[43]

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Weeks's motion to exclude Borison's testimony is **DENIED**.

**IT IS FURTHER ORDERED** that Weeks's motion to strike Borison's supplement report is **DENIED**.

---

[40] R. Doc. No. 45, at 4.

[41] *Id.*

[42] *Id.*

[43] The Court notes that there are several conclusions in Borison's supplemental report that may invade the province of the factfinder. These conclusions are not challenged by Weeks in the motions presently before the Court.

New Orleans, Louisiana, January 19, 2024.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**